**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000548
31-MAR-2025
08:16 AM
Dkt. 107 SO**

NO. CAAP-21-0000548

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF SANYA LUCAS,
Complainant-Appellant/Appellant, v.
CIVIL SERVICE COMMISSION, COUNTY OF MAUI,
Respondent-Appellee (Agency)/Appellee, and
COUNTY OF MAUI, DEPARTMENT OF HOUSING AND HUMAN CONCERNS,
Intervenor-Appellee/Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CCV-21-0000041)

SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Complainant-Appellant/Appellant Sanya **Lucas** appeals

from the Circuit Court of the Second Circuit's September 8, 2021

"Findings of Fact, Conclusions of Law and Order Denying [her]

Agency Appeal[,]" and September 9, 2021 Final Judgment.[1]  The

circuit court affirmed Respondent-Appellee/Appellee Civil

---

[1]  The Honorable Kelsey T. Kawano presided.

Service **Commission**'s determination it lacked jurisdiction over Lucas' claims.

In this secondary appeal, Lucas challenges the Commission's determination that it lacked jurisdiction.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and vacate and remand.

Intervenor-Appellee/Appellee **County** of Maui posted a recruitment for an "Aging and Disability Services Specialist V" (**Specialist V**) position, on a *temporary*, full-time basis. The posting listed the position as an SR-24/Step C. Lucas applied, and in January 2020, was hired as an emergency hire for the Specialist V position. Lucas claimed that, before she was hired, she inquired about receiving pay at a higher step but was told "to request a higher rate of pay" after she was offered the position.

---

[2] Lucas also challenges numerous findings and conclusions from the circuit court.

However, in a Hawaiʻi Revised Statutes (**HRS**) § 91-14 appeal from an agency decision, the circuit court acts as an appellate court and may not fact-find. Kendrick v. Plan. Dep't of the Cnty. of Kauaʻi, 155 Hawaiʻi 230, 235 n.7, 561 P.3d 434, 439 n.7 (App. 2024).

Lucas does not make individual arguments regarding the conclusions she challenges, but appears to address these conclusions in the context of her challenge to the circuit court's determination that it lacked jurisdiction. We address the challenged conclusions in the same manner.

The County then posted a recruitment for the Specialist V position, on a *permanent*, full-time basis. Lucas applied, and on July 2, 2020, was offered the position. That same day, the Executive on Aging, Deborah **Stone-Walls**, e-mailed Human Resources Specialist Shanda **Abe** explaining Lucas' skill level, requesting that Lucas start at a higher step, and noting Lucas received input from the union:

> Upon offering [Lucas] the position, she requested consideration to be started at Step G or H rather than Step C in BU13, SR24. [Lucas] severed employment with the State of [Hawaiʻi] at the SR24 Step H level 18 months prior to beginning work at Office on Aging.
>
> . . . .
>
> She possesses expertise in geriatric mental health that brings a level of instruction to her subordinates that has been previously lacking from personnel in the position.
>
> . . . .
>
> As this position is funded with grant revenue rather than County funds and is classified as Fixed Term rather than permanent, [Lucas] received input from HGEA that there are times when individuals filling such positions are offered the ability to negotiate to a higher step. . . . The contracted amount already received from the funding source for this position is ample enough to cover her salary comfortably for the foreseeable future.

(Emphases added.)

Four days later, on July 6, 2020, Abe denied the request explaining any request would need to be processed before recruitment:

> Unfortunately, since there was a break in service from the State we can't do a compensation adjustment for Ms. Lucas. Additionally, Recruitment Above the Minimum Step is reserved for positions that we historically had difficulties filling and would need to be processed before the recruitment began.

You may contact me for further questions or concerns.

(Emphasis added.)

On the same day as Abe's e-mail, Departmental Personnel Officer Ailina **Tagupa-Laborte**[3] noted Lucas was ineligible to retain her step due to a break in service:

> "[a]s the Unit Contract 13 states, page 32, #3, section a, [Lucas] would not be eligible to retain her step movement due to her break in service."

(Emphasis added.)

The next day, July 7, 2020, Lucas began her employment as a Specialist V on a permanent basis at SR-24/Step C.

On August 27, 2020, Lucas e-mailed Stone-Walls (copying Tagupa-Laborte, Abe, Director LoriAnn Tsuhako (**Director Tsuhako**), and Linda Munsell) a formal compensation complaint noting "[t]here is a significant discrepancy in pay with the same level of work described in each Job description and classification provided between the three Counties, Honolulu, [Hawaiʻi], and Maui, [Kauaʻi] does not have a comparison.  The other jurisdictions also allow for a range of pay[.]"  A September 11, 2020 meeting was scheduled at the Director's Office following Lucas' e-mail.

---

[3]  Though the Commission's findings indicate Tagupa-Laborte was the Departmental Personnel Officer, her signature block in a later e-mail indicates she was a "Temporary Departmental Personnel Officer[.]"

4

In a September 16, 2020 letter on County and Department letterhead, Tagupa-Laborte thanked Lucas for meeting with Director Tsuhako and explained they "regret to inform [her], due to recruitment incentive policies, a request for pay above the minimum step would have had to have been filed and approved prior to recruitment."  The letter then closed with: "[i]f you do not agree with our decision to conclude your compensation complaint, you may request another meeting with the Department of Housing and Human Concerns."

On September 25, 2020, Lucas e-mailed Tagupa-Laborte inquiring about the appeal process.  The same day, Tagupa-Laborte responded and informed Lucas of the twenty-day deadline to appeal, which she indicated ran from the final notice – the September 16, 2020 letter:

> We call your attention to the time period in which to file your appeal.  Please note Section 11-102-37(a) states that you have 20 calendar days after final notice has been sent of any adverse action by the Director of Personnel Services, appointing authority or chief executive.  Be advised it is not the date you received the notice. **(9/16/2020 - dated letter).**

(Some emphases added.)

Nineteen days after the September 16, 2020 letter, on October 5, 2020, Lucas filed a "Petition of Appeal" (**Petition**) with the Commission.  Lucas identified the adverse action being appealed as the "[d]ecision to deny hiring for the ADSS V above base pay within the SR 24 pay range" and referenced the

5

September 16, 2020 letter. In the statement of issues section of the Petition, Lucas identified the "[u]nclear process to request hiring above base pay within the SR24 class for the Aging and Disability Services Specialist V position" as the issue.

The County moved to dismiss the appeal as untimely, arguing Lucas "had to file her appeal within 20 days of the date that the personnel action was effective (July 7, 2020)." The County further argued Lucas' "remedy lies through the collective bargaining process, and not through a civil service appeal."

During the hearing on the County's Motion to Dismiss, Lucas argued the September 16, 2020 letter triggered the twenty-day deadline and the "process is unclear to higher [sic] above base pay within the assigned SR rating for [the] position, even when [she] had inquired" about it before September 2019.

The Commission granted the County's motion to dismiss. The Commission found the July 6, 2020 e-mail forwarded from Stone-Walls "constitute[d] the 'aggrieved action' which form[ed] the basis" of Lucas' complaint and also found Lucas failed to file her appeal within 20 days of the July 6, 2020 e-mail. The Commission further found that even if Lucas' appeal was timely, her "requested remedy in the Petition, i.e., to re-price the position to a higher step, does not fall within the purview of the Commission's jurisdiction."

The circuit court affirmed the Commission's decision. Again, in this secondary appeal, Lucas (now represented by counsel) challenges the Commission's determination that it lacked jurisdiction.

"The standard of review is one in which this court must determine whether the circuit court was right or wrong in its decision, applying the standards set forth in [Hawaiʻi Revised Statutes (**HRS**)] § 91-14(g) . . . to the agency's decision."[4]  Paul's Elec. Serv., Inc. v. Befitel, 104 Hawaiʻi

---

[4]  HRS § 91-14(g) (Supp. 2019) provides as follows:

   (g) Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

   (1)  In violation of constitutional or statutory provisions;

   (2)  In excess of the statutory authority or jurisdiction of the agency;

   (3)  Made upon unlawful procedure;

   (4)  Affected by other error of law;

   (5)  Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

   (6)  Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

(Formatting altered.)  "Under HRS § 91-14(g), conclusions of law are reviewable under subsections (1), (2), and (4); questions regarding procedural defects under subsection (3); findings of fact under subsection (5); and an agency's exercise of discretion under subsection (6)."  Paul's Elec. Serv., Inc. v. Befitel, 104 Hawaiʻi at 416, 91 P.3d at 498 (cleaned up).

412, 416, 91 P.3d 494, 498 (2004) (citations omitted). An agency's determination of jurisdiction is reviewed de novo. See In re Kanahele, 152 Hawaiʻi 501, 509, 514, 526 P.3d 478, 486, 491 (2023).

**(1)** We first address Lucas' contention that her Petition was timely filed.[5]

In its Motion to Dismiss, the County argued Lucas "had to file her appeal within 20 days of the date that the personnel action was effective (July 7, 2020)." The Commission agreed with the County, though relying on Abe's July 6, 2020 e-mail, and determined it lacked jurisdiction due to untimeliness. The County's argument was disingenuous, and the Commission's decision was wrong.

The County of Maui Rules of the Civil Service Commission Rule § 11-102-37 provides in pertinent part that a petition of appeal must be filed "within twenty calendar days after <u>final notice</u> has been sent of any adverse action by the <u>director</u>, appointing authority or chief executive." (Emphases added.)

Lucas' employment in the permanent, full-time position began on July 7, 2020. There is no evidence in the record indicating the director issued a final notice of an adverse

_____

[5] Though the circuit court (correctly) determined Lucas' Petition was timely filed, it affirmed the Commission's Order. As such, we address Lucas' argument for clarity on remand.

action on July 7, 2020. And there is also no evidence indicating Abe's July 6, 2020 e-mail was a final notice by the director.

A September 11, 2020 meeting was scheduled at the Director's Office to discuss Lucas' "salary compensation concerns." On September 16, 2020, using County and Department letterhead, Tagupa-Laborte thanked Lucas for meeting with Director Tsuhako and stated they "regret to inform [her], due to recruitment incentive policies, a request for pay above the minimum step would have had to have been filed and approved prior to recruitment." The letter also indicated this decision concluded Lucas' compensation complaint.

Tagupa-Laborte later informed Lucas of the twenty-day deadline to appeal, and specifically referred to the September 16, 2020 letter. It is reasonable to infer that Tagupa-Laborte treated the September 16, 2020 letter as the final notice from the director.

Lucas filed her petition within twenty calendar days of the September 16, 2020 letter. Lucas' appeal was therefore timely.

**(2)** Next, Lucas contends she was "entitled to seek redress under" HRS § 76-14(a). She argues that the "entire point of Civil Service is to have uniformity for comparable work based upon fair wages without regard to any favoritism." She

9

further argues that the "initial pricing was in error because either [Oʻahu] and [Hawaiʻi Island] paid too much for their comparable civil service position or Maui paid too little."

As noted in her Petition, Lucas challenged the "[u]nclear process to request hiring above base pay within the SR24 class for the Aging and Disability Services Specialist V position." And in her response to the County's Motion to Dismiss, Lucas explained "[t]here has been a breakdown of the hiring process which needs to be addressed and corrected." Finally, in her formal complaint to the director, Lucas highlighted the "significant discrepancy in pay" between Maui and two other counties for the same job description.

Nevertheless, the Commission found the "adverse action involves the issue of compensation adjustment[,]" which "falls within the grievance procedure under BU 13 CBA (Article 11 and Article 14) and is outside the Commission's jurisdiction." In particular, the Commission characterized Lucas' request as a request "to re-price the position to a higher step[.]" The Commission noted while it "does have jurisdiction over initial pricing of a position, it does not have jurisdiction to re-price a position."

HRS § 76-14 (2012)[6] establishes jurisdiction for the merit board appeal of each county, including issues related to initial class pricing.  HRS §§ 76-11 (2012), 76-14(a)(3).  As relied on by the Commission in its findings and conclusions regarding the Motion to Dismiss, under HRS § 76-14(c)(1),[7] it

---

[6] HRS § 76-14 entitled "Merit appeals board; duties, and jurisdiction[,]" provides in pertinent part:

> (a) The merit appeals board of each jurisdiction shall decide appeals from any action under this chapter taken by the chief executive, the director, an appointing authority, or a designee acting on behalf of one of these individuals, relating to:
>
>> (1)  Recruitment and examination;
>>
>> (2)  Classification and reclassification of a particular position, including denial or loss of promotional opportunity or demotion due to reclassification of positions in a reorganization;
>>
>> (3)  Initial pricing of classes; and
>>
>> (4)  Other employment actions under this chapter, including disciplinary actions and adverse actions for failure to meet performance requirements, taken against civil service employees who are excluded from collective bargaining coverage under section 89-6.

(Formatting altered and emphasis added.)

[7] HRS § 76-14(c)(1) provides:

> (c) The rules adopted by the merit appeals board shall provide for the following:
>
>> (1)  The merit appeals board shall not act on an appeal, but shall defer to other authority, if the action complained of constitutes a prohibited act that is subject to the jurisdiction of another appellate body or administrative agency or the grievance procedure under a collective bargaining agreement[.]

(Formatting altered.)

cannot review prohibited acts subject to a collective bargaining grievance procedure.

However, HRS § 76-14 must "be construed liberally to determine whether the appeal falls within the jurisdiction of the merit appeals board."  HRS § 76-14(e).[8]

In reviewing Lucas' Petition, her opposition to the County's Motion to Dismiss, and her complaint (all made while she was self-represented), her appeal was not merely about "re-pricing"; rather her appeal was about clarifying the process for being hired at a pay rate not in parity with other counties for substantially the same work.  By narrowly construing Lucas' Petition as concerning "re-pricing," the Commission acted contrary to HRS § 76-14(e)'s mandate to liberally interpret HRS § 76-14's jurisdiction provision.  Thus, the Commission erred in determining it lacked jurisdiction without considering the true nature of Lucas' claim.

Based on the foregoing, we vacate the Commission's January 8, 2021 "Findings of Fact, Conclusions of Law, and Order Granting Respondent's Motion to Dismiss Appeal[.]"  We also vacate the circuit court's September 8, 2021 "Findings of Fact, Conclusions of Law and Order Denying [Lucas'] Agency Appeal[,]" and September 9, 2021 Final Judgment.  We remand this case to

---

[8]  The parties were afforded an opportunity to submit supplemental briefing on HRS § 76-14(e) to this court.  The County, the Commission, and Lucas each submitted supplemental briefs.

the Commission for further proceedings consistent with this

summary disposition order.

DATED:  Honolulu, Hawaiʻi, March 31, 2025.

On the briefs:                          /s/ Keith K. Hiraoka
                                        Presiding Judge
Shawn A. Luiz
for Complainant-Appellant/              /s/ Karen T. Nakasone
Appellant.                              Associate Judge

James E. Halvorson,                     /s/ Sonja M.P. McCullen
Claire W.S. Chinn,                      Associate Judge
Deputy Attorneys General,
for Respondent-Appellee
(Agency)/Appellee
Civil Service Commission.

Thomas Kolbe,
Kristin K. Tarnstrom,
Deputies Corporation Counsel,
County of Maui,
for Intervenor-
Appellee/Appellee
County of Maui, Department of
Housing and Human Concerns.